**FILED**

**NOT FOR PUBLICATION**

OCT 27 2023

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| Doctor SUNIL AGGARWAL, MD, PhD, FAAPMR, FAAHPM, | No. 22-1718 |
| Petitioner, | Drug Enforcement Administration |
| v. | |
| UNITED STATES DRUG ENFORCEMENT ADMINISTRATION, | MEMORANDUM[*] |
| Respondent, | |
| ---------------------------------------- END OF LIFE WASHINGTON; EVERGREEN HEALTH; A SACRED PASSING; PANCREATIC CANCER NORTH AMERICA; PSYCHEDELICS & HEALING INITIATIVE OF THE GLOBAL WELLNESS INSTITUTE; Professor KATHY CERMINARA; Professor DAVID HOFFMAN, J.D.; JILL SIMONIAN, PharmD; MICHAEL FRATKIN, M.D., | |

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

F.A.A.H.P.M.; VETERAN MENTAL
HEALTH LEADERSHIP COALITION,
INC.; REASON FOR HOPE,
INC.; NATIONAL ORGANIZATION
FOR THE REFORM OF MARIJUANA
LAWS; MANISH
AGRAWAL, M.D.; ANTHONY
BACK, M.D.; YVAN
BEAUSSANT, M.D.; ROLAND R.
GRIFFITHS, Ph.D.; ROBERT
JESSE; ETHAN NADELMANN, JD,
Ph.D.; DAVID NUTT, DM, FRCP,
FRCPsych, FSB, FMedSci; BILL
RICHARDS, Ph.D.; ALDEN DOERNER
RINALDI, M.D.; ZACHARY
SAGER, M.D.; PAUL
THAMBI, M.D.; CAREY TURNBULL,

Amici Curiae.

On Petition for Review of an Order of the
Drug Enforcement Administration

Argued and Submitted October 20, 2023
Phoenix, Arizona

Before: IKUTA, BADE, and BRESS, Circuit Judges.

Dr. Sunil Aggarwal petitions for review of the Drug Enforcement

Administration's (DEA) denial of his petition to transfer psilocybin from schedule

I to schedule II, *see* 21 U.S.C. § 812(b), pursuant to its authority under 21 U.S.C.

§ 811(a).  We have jurisdiction under 21 U.S.C. § 877, and we grant the petition.

2

We must "hold unlawful and set aside agency action, findings, and conclusions found to be . . . arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A). "[W]here the agency has failed to provide [a] minimal level of analysis, its action is arbitrary and capricious and so cannot carry the force of law." *Encino Motorcars, LLC v. Navarro*, 579 U.S. 211, 221 (2016). In denying Aggarwal's petition, the DEA failed to provide analysis sufficient to allow its "path" to "reasonably be discerned." *Gill v. U.S. Dep't of Just.*, 913 F.3d 1179, 1187–88 (9th Cir. 2019) (quoting *Motor Vehicle Mfrs. Ass'n of U.S., Inc. v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 43 (1983)). It also failed to "clearly indicate that it has considered the potential problem identified in the petition." *Compassion Over Killing v. U.S. Food & Drug Admin.*, 849 F.3d 849, 857 (9th Cir. 2017). The DEA's denial letter failed to define "currently accepted medical use with severe restrictions," 21 U.S.C. § 812(b)(2)(B), the standard applicable to transferring a drug from schedule

I to schedule II on which Aggarwal relied.[1]  The denial letter did not expressly state that a substance could not meet that standard unless it met the DEA's five-part test for "currently accepted medical use," as defined in Denial of Petition to Initiate Proceedings to Reschedule Marijuana, 81 Fed. Reg. 53767, 53793 (Aug. 12, 2016).[2]  Even if we inferred that the DEA does require a substance to meet the five-part test for "currently accepted medical use" in order to be transferred to schedule II, the DEA failed to explain why Aggarwal's submission did not show that psilocybin met the five-part test.  Nor did the DEA's letter explain its reasoning for any such conclusion.  Although the DEA addresses some of these issues on appeal, "*[p]ost hoc* explanations of agency action by appellate counsel cannot substitute for the agency's own articulation of the basis for its decision." *Arrington v. Daniels*, 516 F.3d 1106, 1113 (9th Cir. 2008).

Our review of agency action is limited to "the grounds that the agency invoked when it took the action," *Dep't of Homeland Sec. v. Regents of the Univ.*

---

[1]  Moreover, the denial letter's statement that "[a] prerequisite to transferring a substance from schedule I to schedule II under the CSA is for the Food and Drug Administration (FDA) to determine that a substance has a currently accepted medical use in treatment in the United States" is contrary to 21 U.S.C. § 812(b)(2)(B), which sets as a prerequisite to transfer to schedule II *either* "a currently accepted medical use in treatment in the United States" *or* "a currently accepted medical use with severe restrictions."

[2]  We therefore do not decide whether the five-part test for "currently accepted medical use" is a lawful interpretation of 21 U.S.C. § 812(b)(2)(B).

4

*of Cal.*, 140 S. Ct. 1891, 1907 (2020) (quoting *Michigan v. EPA*, 576 U.S. 743, 758 (2015)), and where those grounds are inadequate, we may remand for either a "fuller explanation of the agency's reasoning at the time of agency action," *id.* (quoting *Pension Benefit Guar. Corp. v. LTV Corp.*, 496 U.S. 633, 654 (1990)), or for the agency to "'deal with the problem afresh' by taking new agency action," *id.* at 1908 (quoting *SEC v. Chenery Corp.*, 332 U.S. 194, 201 (1947)).  We thus remand for the DEA to either clarify its pathway for denying Aggarwal's petition or reevaluate Aggarwal's petition on an open record.[3]

**PETITION GRANTED.**

---

[3]  Given the inadequacy of the DEA's denial letter, we do not address Aggarwal's argument that 21 U.S.C. § 811(b) requires the DEA to refer Aggarwal's petition to the Department of Health and Human Services.

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

## Information Regarding Judgment and Post-Judgment Proceedings

**Judgment**
- This Court has filed and entered the attached judgment in your case. Fed. R. App. P. 36. Please note the filed date on the attached decision because all of the dates described below run from that date, not from the date you receive this notice.

**Mandate (Fed. R. App. P. 41; 9th Cir. R. 41-1 & -2)**
- The mandate will issue 7 days after the expiration of the time for filing a petition for rehearing or 7 days from the denial of a petition for rehearing, unless the Court directs otherwise. To file a motion to stay the mandate, file it electronically via the appellate electronic filing system or, if you are a pro se litigant or an attorney with an exemption from the electronic filing requirement, file one original motion on paper.

**Petition for Panel Rehearing (Fed. R. App. P. 40; 9th Cir. R. 40-1) Petition for Rehearing En Banc (Fed. R. App. P. 35; 9th Cir. R. 35-1 to -3)**

**(1) Purpose**
   **A. Panel Rehearing:**
   - A party should seek panel rehearing only if one or more of the following grounds exist:
     - ➤ A material point of fact or law was overlooked in the decision;
     - ➤ A change in the law occurred after the case was submitted which appears to have been overlooked by the panel; or
     - ➤ An apparent conflict with another decision of the Court was not addressed in the opinion.
   - Do not file a petition for panel rehearing merely to reargue the case.

   **B. Rehearing En Banc**
   - A party should seek en banc rehearing only if one or more of the following grounds exist:
     - ➤ Consideration by the full Court is necessary to secure or maintain uniformity of the Court's decisions; or
     - ➤ The proceeding involves a question of exceptional importance; or

> ➢ The opinion directly conflicts with an existing opinion by another court of appeals or the Supreme Court and substantially affects a rule of national application in which there is an overriding need for national uniformity.

**(2) Deadlines for Filing:**
- A petition for rehearing must be filed within 14 days after entry of judgment. Fed. R. App. P. 40(a)(1).
- If the United States or an agency or officer thereof is a party in a civil case, the time for filing a petition for rehearing is 45 days after entry of judgment. Fed. R. App. P. 40(a)(1).
- If the mandate has issued, the petition for rehearing should be accompanied by a motion to recall the mandate.
- See Advisory Note to 9th Cir. R. 40-1 (petitions must be received on the due date).
- An order to publish a previously unpublished memorandum disposition extends the time to file a petition for rehearing to 14 days after the date of the order of publication or, in all civil cases in which the United States or an agency or officer thereof is a party, 45 days after the date of the order of publication. 9th Cir. R. 40-2.

**(3) Statement of Counsel**
- A petition should contain an introduction stating that, in counsel's judgment, one or more of the situations described in the "purpose" section above exist. The points to be raised must be stated clearly.

**(4) Form & Number of Copies (9th Cir. R. 40-1; Fed. R. App. P. 32(c)(2))**
- The petition shall not exceed 15 pages unless it complies with the alternative length limitations of 4,200 words or 390 lines of text.
- The petition must be accompanied by a copy of the panel's decision being challenged.
- An answer, when ordered by the Court, shall comply with the same length limitations as the petition.
- If a pro se litigant elects to file a form brief pursuant to Circuit Rule 28-1, a petition for panel rehearing or for rehearing en banc need not comply with Fed. R. App. P. 32.

Post Judgment Form - Rev. 09/2022

- The petition or answer must be accompanied by a Certificate of Compliance found at Form 11, available on our website at www.ca9.uscourts.gov under *Forms*.
- Attorneys must file the petition electronically via the appellate electronic filing system. No paper copies are required unless the Court orders otherwise. If you are a pro se litigant or an attorney exempted from using the appellate ECF system, file one original petition on paper. No additional paper copies are required unless the Court orders otherwise.

**Bill of Costs (Fed. R. App. P. 39, 9th Cir. R. 39-1)**
- The Bill of Costs must be filed within 14 days after entry of judgment.
- See Form 10 for additional information, available on our website at www.ca9.uscourts.gov under *Forms*.

**Attorneys Fees**
- Ninth Circuit Rule 39-1 describes the content and due dates for attorneys fees applications.
- All relevant forms are available on our website at www.ca9.uscourts.gov under *Forms* or by telephoning (415) 355-8000.

**Petition for a Writ of Certiorari**
- The petition must be filed with the Supreme Court, not this Court. Please refer to the Rules of the United States Supreme Court at www.supremecourt.gov.

**Counsel Listing in Published Opinions**
- Please check counsel listing on the attached decision.
- If there are any errors in a published opinion, please send a letter **in writing within 10 days** to:
  - ➢ Thomson Reuters; 610 Opperman Drive; PO Box 64526; Eagan, MN 55123 (Attn: Maria Evangelista, maria.b.evangelista@tr.com);
  - ➢ **and** electronically file a copy of the letter via the appellate electronic filing system by using the Correspondence filing category, or if you are an attorney exempted from electronic filing, mail the Court one copy of the letter.

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

### Form 10. Bill of Costs

*Instructions for this form:* http://www.ca9.uscourts.gov/forms/form10instructions.pdf

## 9th Cir. Case Number(s)

## Case Name

The Clerk is requested to award costs to *(party name(s))*:

I swear under penalty of perjury that the copies for which costs are requested were actually and necessarily produced, and that the requested costs were actually expended.

## Signature                                         Date
*(use "s/[typed name]" to sign electronically-filed documents)*

| COST TAXABLE | REQUESTED *(each column must be completed)* | | | |
|---|---|---|---|---|
| DOCUMENTS / FEE PAID | No. of Copies | Pages per Copy | Cost per Page | TOTAL COST |
| Excerpts of Record* | | | $ | $ |
| Principal Brief(s) *(Opening Brief; Answering Brief; 1st, 2nd, and/or 3rd Brief on Cross-Appeal; Intervenor Brief)* | | | $ | $ |
| Reply Brief / Cross-Appeal Reply Brief | | | $ | $ |
| Supplemental Brief(s) | | | $ | $ |
| Petition for Review Docket Fee / Petition for Writ of Mandamus Docket Fee / Appeal from Bankruptcy Appellate Panel Docket Fee | | | | $ |
| TOTAL: | | | | $ |

***Example:*** *Calculate 4 copies of 3 volumes of excerpts of record that total 500 pages [Vol. 1 (10 pgs.) + Vol. 2 (250 pgs.) + Vol. 3 (240 pgs.)] as:*
*No. of Copies: 4; Pages per Copy: 500; Cost per Page: $.10 (or actual cost IF less than $.10);*
*TOTAL: 4 x 500 x $.10 = $200.*

*Feedback or questions about this form? Email us at forms@ca9.uscourts.gov*

No. 22-1718

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE NINTH CIRCUIT

ADVANCED INTEGRATIVE MEDICAL SCIENCE INSTITUTE, *et al.*,

*Petitioners,*

*v.*

U.S. DRUG ENFORCEMENT ADMINISTRATION, *et al.*,

*Respondents.*

## PETITIONERS' PETITION FOR PANEL RE-HEARING

Kathryn L. Tucker
National Psychedelics Association
453 Manor Place, Suite 2
Washington, D.C. 20010
Phone: 206.595.0097
kathryn@yournpa.org

Matthew C. Zorn
Yetter Coleman LLP
811 Main Street, Suite 4100
Houston, Texas 77002
Phone: 713.632.8000
mzorn@yettercoleman.com

Shane Pennington
Porter Wright Morris & Arthur LLP
2020 K Street, NW, Suite 600
Washington, D.C. 20006
Phone: 202.778.3005
spennington@porterwright.com

James F. Williams
Andrew J. Kline
Thomas J. Tobin
Holly Martinez
Caleb Bacos
Mason Y. Ji
Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000
jwilliams@perkinscoie.com
akline@perkinscoie.com
ttobin@perkinscoie.com
hmartinez@perkinscoie.com
cbacos@perkinscoie.com
mji@perkinscoie.com

*Attorneys for Petitioners*

## PETITIONERS' PETITION FOR PANEL RE-HEARING

Petitioners Advanced Integrative Medical Science Institute ("AIMS Institute") and Dr. Sunil Aggarwal (collectively, "Petitioners") hereby petition the Court for panel re-hearing on the Court's Memorandum Order ("Order"), ECF No. 82, on Petitioners' Petition for Review ("Petition"), pursuant to Fed. R. App. P. 40.

Petitioners agree with the Court's conclusion to grant the Petition. Petitioners respectfully petition for panel re-hearing, because the Order did not address Petitioners' argument that 21 U.S.C. § 811(b) requires a referral to the Food and Drug Administration ("FDA") for scientific and medical evaluation and scheduling recommendation, and instead ordered a remand to the Drug Enforcement Agency ("DEA"). *See* Order at 5 n.3 (noting that panel chose not to address the referral to FDA). This omission has both legal and practical ramifications for the Petitioners, and Petitioners request that the panel correct this legal error.

## I.    THE LITIGATION

Petitioners filed the instant action in December 2022, seeking review of a DEA final decision denying their original petition to initiate rulemaking proceedings to transfer psilocybin from schedule I to schedule II (the "Original Petition"). *See* 21 U.S.C. § 811, *et seq.*[1]

---

[1] Proceedings in the related case, No. 22-1568, seeking review of the DEA's Final Decision regarding psilocybin and the Right to Try, were stayed pending resolution of the instant matter.

-1-

On October 27, 2023, the Court entered its Order, granting the Petition for Review and remanding to the DEA to either clarify its pathway for denying the Original Petition to initiate rulemaking proceedings or reevaluate the Original Petition on an open record. Order, ECF No. 82.

## II.    LEGAL STANDARD

In a civil case where one of the parties is a United States agency, any party may file a petition for re-hearing within 45 days, stating with particularity each point of law or fact that the petitioner believes the court has overlooked or misapprehended. Fed. R. App. P. 40(a)(1), (2). A party may seek panel re-hearing only if, among other reasons, a material point of fact or law was overlooked in the decision. *Id.*

In reviewing an agency action, the Court shall compel agency action unlawfully withheld or unreasonably delayed and hold unlawful and set aside agency action, findings and conclusion that are found to be, among others, without observance of procedure required by law. 5 U.S.C. § 706(1), (2)(D). As relevant here, 21 U.S.C. § 811(b) requires the DEA to make a referral to the FDA for a "scientific and medical evaluation" and scheduling recommendation regarding a schedule I drug. FDA's findings on scientific and medical matters bind DEA, and if the Department of Health and Human Services ("HHS") recommends that DEA not subject a substance to control, DEA "shall not control the drug or substance." 21

-2-

U.S.C. § 811(b).  Only after the FDA's binding, expert views on scientific and medical considerations are rendered may the DEA assess whether "substantial evidence" exists to warrant initiating a formal rulemaking process.  *Id*.  Only in "the clear case of a filing that patently is either deficient in form or a substantive nullity" may such a referral to the FDA be not required.  *See Nat'l Org. for Reform of Marijuana Laws (NORML) v. Ingersoll*, 497 F.2d 654, 659 (D.C. Cir. 1974) (*NORML I*) (quoting *Municipal Light Boards v. Fed. Power Comm'n.*, 450 F.2d 1341, 1345 (D.C. Cir. 1971)) ("[P]eremptory" rejections are appropriate "only in 'the clear case of a filing that patently is either deficient in form or a substantive nullity'").

## III.    ARGUMENT

The Order granted the Petition and remanded this matter to the DEA to "either clarify its pathway for denying Aggarwal's petition or reevaluate Aggarwal's petition on an open record."  Order at 5.  However, the Order specifically stated that it did not address Petitioners' arguments that 21 U.S.C. § 811(b) requires the DEA to refer to the Original Petition to HHS and the FDA.  *Id*. at 5 n.3.  This is a material point of law that the Order overlooked and the reason why Petitioners submit the instant petition.  Petitioners ask the Court to address this legal error.

In *NORML I* and *NORML v. DEA*, 559 F.2d 735, 737 (D.C. Cir. 1977) (*NORML II*), DEA denied a petition to initiate proceedings to remove a substance

from schedule I without "gather[ing] necessary data" and "request[ing] from the Secretary a scientific and medical evaluation, and his recommendations." 21 U.S.C. § 811(b). Specifically, in *NORML II*, DEA insisted that FDA approval is a "prerequisite" to transferring a substance out of schedule I. *Compare NORML II*, 559 F.2d at 743-44 & n.44 *and* Denial, ER-4.

Here, the Court has granted the Petition but refused to refer the matter to the FDA. This is an error of law. In ordering a remand to the DEA (without conditions, detail, or instructions),[2] the Order appears to conflate DEA's explanation for denying the Original Petition as relevant to assessing whether DEA erred in ignoring its referral obligation to HHS. However, the decision on whether to refer a petition to HHS is different than the decision to grant or deny the petition altogether. As the *NORML I* and *NORML II* courts held, whether DEA erred in failing to refer a petition to HHS depends on whether the petition is a "substantive nullity" or patently deficient in form. *See NORML I*, 497 F.2d at 659; *NORML II*, 559 F.2d at 749.

DEA has not attempted to argue that the Original Petition was either a substantive nullity or patently deficient, and the Order forecloses that possibility. Because the Original Petition warrants further consideration and review from DEA, it satisfies the FDA-referral requirements under *NORML I*, *NORML II*, and 21

---

[2] For example, the Court could have considered whether it has the authority, under 21 U.S.C. § 811(b), to remand to DEA with the instruction that the Petition be referred expeditiously (e.g., within 30 days of the Order) to FDA.

U.S.C. § 811(b), and the Court should have addressed this issue in the Order. When addressed, Petitioners contend that the Original Petition should be referred promptly to FDA for consideration.

Separately, the Court, under 5 U.S.C. § 706(1) and (2)(D), is required to compel agency action unlawfully withheld if the agency action, findings, and conclusions are without observance of procedure required by law. The clear language of 21 U.S.C. § 811 indicates that referring a petition the FDA is a mandatory, non-discretionary duty. Specifically, 21 U.S.C. § 811(b) states that the "Attorney General *shall*, *before* initiating proceedings under subsection (a) to control a drug or other substance entirely from the schedules, and *after* gathering the necessary data; request from the Secretary a scientific and medical evaluation, and his recommendations, as to whether such drug or other substance should be so controlled or removed as a controlled substance" (emphasis added).

DEA has not shown that the Original Petition was either a substantive nullity or patently deficient (nor can it), and there is no dispute that the Original Petition does not fail as a matter of law. Under the clear language of 21 U.S.C. § 811(b), DEA has a mandatory, non-discretionary duty to refer the Original Petition to the FDA for a scientific and medical evaluation. Therefore, to not refer the Original Petition to the FDA is without observance of procedure required by law, specifically

21 U.S.C. § 811(b).  By not compelling DEA to refer the Original Petition to the FDA, the Court has thus committed an error of law.

Finally, and more broadly, the policy implications of not ordering an FDA referral fly in the face of *NORML I* and *II* and public policy.  If agencies could simply procure naked remands (as the Court ordered here) in response to substantive petitions, such a precedent would embolden agencies to avoid making decisions on the merits.  In other words, such a precedent would incentivize agencies to say *less*, not more, in initial decisions, multiplying judicial workload and delaying decisions on the merits.  For this additional reason, the Court should have ordered a referral to the FDA, rather than a remand to DEA.

## IV.    CONCLUSION

For the reasons set forth above, the Court should grant re-hearing on the issue to address the legal error arising from the omission of discussion as to the remand under 21 U.S.C. § 811(b).

Date:  December 11, 2023

Kathryn L. Tucker
National Psychedelics Association
453 Manor Place, Suite 2
Washington, D.C. 20010
kathryn@yournpa.org

Matthew C. Zorn
Yetter Coleman LLP
811 Main Street, Suite 4100
Houston, Texas 77002
Phone: 713.632.8000
mzorn@yettercoleman.com

Shane Pennington
Porter Wright Morris & Arthur LLP
2020 K Street, NW, Suite 600
Washington, D.C. 20006
Phone: 202.778.3005
spennington@porterwright.com

*/s/ James F. Williams*
James F. Williams
Andrew J. Kline
Thomas J. Tobin
Holly Martinez
Caleb Bacos
Mason Y. Ji
Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000
jwilliams@perkinscoie.com
akline@perkinscoie.com
ttobin@perkinscoie.com
hmartinez@perkinscoie.com
cbacos@perkinscoie.com
mji@perkinscoie.com

*Attorneys for Petitioners*

## CERTIFICATE OF SERVICE

I hereby certify that on December 11, 2023, I caused to be filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system.

**Perkins Coie LLP**

*/s/ James F. Williams*
James F. Williams
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000
jwilliams@perkinscoie.com

*Attorney for Petitioners*

FILED

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

OCT 27 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| Doctor SUNIL AGGARWAL, MD, PhD, FAAPMR, FAAHPM, | No. 22-1718 |
| Petitioner, | Drug Enforcement Administration |
| v. | |
| UNITED STATES DRUG ENFORCEMENT ADMINISTRATION, | MEMORANDUM[*] |
| Respondent, | |
| ---------------------------------------- END OF LIFE WASHINGTON; EVERGREEN HEALTH; A SACRED PASSING; PANCREATIC CANCER NORTH AMERICA; PSYCHEDELICS & HEALING INITIATIVE OF THE GLOBAL WELLNESS INSTITUTE; Professor KATHY CERMINARA; Professor DAVID HOFFMAN, J.D.; JILL SIMONIAN, PharmD; MICHAEL FRATKIN, M.D., | |

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

F.A.A.H.P.M.; VETERAN MENTAL
HEALTH LEADERSHIP COALITION,
INC.; REASON FOR HOPE,
INC.; NATIONAL ORGANIZATION
FOR THE REFORM OF MARIJUANA
LAWS; MANISH
AGRAWAL, M.D.; ANTHONY
BACK, M.D.; YVAN
BEAUSSANT, M.D.; ROLAND R.
GRIFFITHS, Ph.D.; ROBERT
JESSE; ETHAN NADELMANN, JD,
Ph.D.; DAVID NUTT, DM, FRCP,
FRCPsych, FSB, FMedSci; BILL
RICHARDS, Ph.D.; ALDEN DOERNER
RINALDI, M.D.; ZACHARY
SAGER, M.D.; PAUL
THAMBI, M.D.; CAREY TURNBULL,

Amici Curiae.

On Petition for Review of an Order of the
Drug Enforcement Administration

Argued and Submitted October 20, 2023
Phoenix, Arizona

Before: IKUTA, BADE, and BRESS, Circuit Judges.

Dr. Sunil Aggarwal petitions for review of the Drug Enforcement

Administration's (DEA) denial of his petition to transfer psilocybin from schedule

I to schedule II, *see* 21 U.S.C. § 812(b), pursuant to its authority under 21 U.S.C.

§ 811(a). We have jurisdiction under 21 U.S.C. § 877, and we grant the petition.

2

We must "hold unlawful and set aside agency action, findings, and conclusions found to be . . . arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A). "[W]here the agency has failed to provide [a] minimal level of analysis, its action is arbitrary and capricious and so cannot carry the force of law." *Encino Motorcars, LLC v. Navarro*, 579 U.S. 211, 221 (2016). In denying Aggarwal's petition, the DEA failed to provide analysis sufficient to allow its "path" to "reasonably be discerned." *Gill v. U.S. Dep't of Just.*, 913 F.3d 1179, 1187–88 (9th Cir. 2019) (quoting *Motor Vehicle Mfrs. Ass'n of U.S., Inc. v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 43 (1983)). It also failed to "clearly indicate that it has considered the potential problem identified in the petition." *Compassion Over Killing v. U.S. Food & Drug Admin.*, 849 F.3d 849, 857 (9th Cir. 2017). The DEA's denial letter failed to define "currently accepted medical use with severe restrictions," 21 U.S.C. § 812(b)(2)(B), the standard applicable to transferring a drug from schedule

I to schedule II on which Aggarwal relied.[1]  The denial letter did not expressly state that a substance could not meet that standard unless it met the DEA's five-part test for "currently accepted medical use," as defined in Denial of Petition to Initiate Proceedings to Reschedule Marijuana, 81 Fed. Reg. 53767, 53793 (Aug. 12, 2016).[2]  Even if we inferred that the DEA does require a substance to meet the five-part test for "currently accepted medical use" in order to be transferred to schedule II, the DEA failed to explain why Aggarwal's submission did not show that psilocybin met the five-part test.  Nor did the DEA's letter explain its reasoning for any such conclusion.  Although the DEA addresses some of these issues on appeal, "*[p]ost hoc* explanations of agency action by appellate counsel cannot substitute for the agency's own articulation of the basis for its decision." *Arrington v. Daniels*, 516 F.3d 1106, 1113 (9th Cir. 2008).

Our review of agency action is limited to "the grounds that the agency invoked when it took the action," *Dep't of Homeland Sec. v. Regents of the Univ.*

---

[1]  Moreover, the denial letter's statement that "[a] prerequisite to transferring a substance from schedule I to schedule II under the CSA is for the Food and Drug Administration (FDA) to determine that a substance has a currently accepted medical use in treatment in the United States" is contrary to 21 U.S.C. § 812(b)(2)(B), which sets as a prerequisite to transfer to schedule II *either* "a currently accepted medical use in treatment in the United States" *or* "a currently accepted medical use with severe restrictions."

[2]  We therefore do not decide whether the five-part test for "currently accepted medical use" is a lawful interpretation of 21 U.S.C. § 812(b)(2)(B).

4

*of Cal.*, 140 S. Ct. 1891, 1907 (2020) (quoting *Michigan v. EPA*, 576 U.S. 743, 758 (2015)), and where those grounds are inadequate, we may remand for either a "fuller explanation of the agency's reasoning at the time of agency action," *id.* (quoting *Pension Benefit Guar. Corp. v. LTV Corp.*, 496 U.S. 633, 654 (1990)), or for the agency to "'deal with the problem afresh' by taking new agency action," *id.* at 1908 (quoting *SEC v. Chenery Corp.*, 332 U.S. 194, 201 (1947)).  We thus remand for the DEA to either clarify its pathway for denying Aggarwal's petition or reevaluate Aggarwal's petition on an open record.[3]

**PETITION GRANTED.**

---

[3]  Given the inadequacy of the DEA's denial letter, we do not address Aggarwal's argument that 21 U.S.C. § 811(b) requires the DEA to refer Aggarwal's petition to the Department of Health and Human Services.

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



**FILED**

DEC 12 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| Doctor SUNIL AGGARWAL, MD, PhD, FAAPMR, FAAHPM, | No. 22-1718 |
| | Drug Enforcement Agency |
| Petitioner, | ORDER |
| v. | |
| UNITED STATES DRUG ENFORCEMENT ADMINISTRATION, | |
| Respondent, | |
| ---------------------------------------- | |
| END OF LIFE WASHINGTON, et al.; | |
| Amici Curiae. | |

Before: IKUTA, BADE, and BRESS, Circuit Judges.

Petitioner's petition for panel rehearing, Dkt. 84, is DENIED.

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**



DEC 20 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| Doctor SUNIL AGGARWAL, MD, PhD, FAAPMR, FAAHPM, | No. 22-1718 |
| | Drug Enforcement Agency |
| Petitioner, | MANDATE |
| v. | |
| UNITED STATES DRUG ENFORCEMENT ADMINISTRATION, | |
| Respondent, | |
| -------------------------------------- | |
| END OF LIFE WASHINGTON, et al.; | |
| Amici Curiae. | |

The judgment of this Court, entered October 27, 2023, takes effect this date.

This constitutes the formal mandate of this Court issued pursuant to

Rule 41(a) of the Federal Rules of Appellate Procedure.

FOR THE COURT:

MOLLY C. DWYER
CLERK OF COURT

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAR 15 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| Doctor SUNIL AGGARWAL, MD, PhD, FAAPMR, FAAHPM, <br><br>       Petitioner, <br><br> v. <br><br> UNITED STATES DRUG ENFORCEMENT ADMINISTRATION, <br><br>       Respondent, <br><br> -------------------------------------- <br><br> END OF LIFE WASHINGTON, et al.; <br><br>       Amici Curiae. | No. 22-1718 <br><br> Drug Enforcement Agency <br><br> AMENDED MANDATE |

The judgment of this Court, entered October 27, 2023, takes effect this date.

This constitutes the formal mandate of this Court issued pursuant to

Rule 41(a) of the Federal Rules of Appellate Procedure.

Costs are taxed against respondent in the amount of $1,462.70

FOR THE COURT:

MOLLY C. DWYER
CLERK OF COURT

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**



MAR 26 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| Doctor SUNIL AGGARWAL, MD, PhD, FAAPMR, FAAHPM, | No. 22-1718 |
| Petitioner, | Drug Enforcement Agency |
| v. | ORDER |
| UNITED STATES DRUG ENFORCEMENT ADMINISTRATION, | |
| Respondent, | |
| -------------------------------------- | |
| END OF LIFE WASHINGTON, et al.; | |
| Amici Curiae. | |

Before: IKUTA, BADE, and BRESS, Circuit Judges.

Petitioner's unopposed motion (Dkt. 88) for permission to file a skeletal

motion for attorneys' fees and costs pursuant to the Equal Access to Justice Act

(EAJA), 28 U.S.C. § 2412, is GRANTED.

Petitioner's motion shall be filed on or before April 10, 2024, and further

briefing will be stayed. The parties shall file a status report on the negotiations

every thirty days. If settlement negotiations are unsuccessful, the parties shall

promptly inform the court. The court will determine a briefing schedule, and will

allow Petitioner to supplement his motion for attorneys' fees and costs pursuant to

the EAJA.

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE NINTH CIRCUIT

SUNIL AGGARWAL, et al.,
    *Petitioners,*

        *v.*

UNITED STATES DRUG ENFORCEMENT
ADMINISTRATION, et al.,
    *Respondents.*

No. 22-1718

## JOINT MOTION TO REFER CASE TO MEDIATION
## FOR NEGOTIATION OF EAJA FEES

Petitioner and respondents jointly request that the Court refer the case to mediation for the purpose of negotiating fees under the Equal Access to Justice Act, 28 U.S.C. § 4212. In support of this motion, the parties state the following:

1. This case concerns the denial of a petition under the Controlled Substances Act to reschedule psilocybin. After DEA denied the petition in September 2022, petitioners sought this Court's review. On October 27, 2023, this Court granted the petition for review and remanded the case "for the DEA to either clarify its pathway for denying [the] petition or reevaluate [the] petition on an open record." Memorandum Order 5, ECF No. 82.1. Petitioners sought panel rehearing, and this Court denied the rehearing petition on December 12, 2023. ECF No. 85.1.

2. On March 22, 2024, petitioners filed a motion concerning attorneys' fees under the Equal Access to Justice Act, 28 U.S.C. § 2412. Petitioners explained that the

parties are engaged in settlement discussions and requested this Court's leave to file a skeletal application for fees and costs, which may be altered or supplemented with supporting documentation and argument if the parties are not able to resolve the fee dispute through settlement discussions. Petitioners additionally requested that this Court stay further briefing on the fee matter until 30 days after either party notifies the Court that the parties are unable to reach a settlement agreement. Respondents did not oppose this motion. This Court granted the motion on March 26, 2024, ECF 89.1, and petitioners filed their skeletal fee motion on April 10, 2024, ECF No. 90.1.

3. Petitioners and respondents believe that the Ninth Circuit Mediation Program could facilitate their efforts to reach an agreement on attorneys' fees. The parties recognize that "attorneys' fees motions filed in this [C]ourt are regularly referred to mediation," U.S. Court of Appeals for the Ninth Circuit, *The Mediation Process*, https://www.ca9.uscourts.gov/mediation/the-mediation-process/ (last visited May 17, 2024), and they are prepared to participate in good faith with the Circuit Mediator in the mediation process. Petitioners and respondents therefore respectfully request that this case be referred to the Circuit Mediation Program for the purpose of negotiating EAJA fees.

[Signature Page Follows]

2

Respectfully submitted,

MARK B. STERN

*/s/ James F. Williams*

James F. Williams
Andrew J. Kline
Thomas J. Tobin
Holly Martinez
Caleb Bacos
Mason Ji
Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
jwilliams@perkinscoie.com
akline@perkinscoie.com
ttobin@perkinscoie.com
hmartinez@perkinscoie.com
cbacos@perkinscoie.com
mji@perkinscoie.com

Kathryn L. Tucker
National Psychedelics Association
453 Manor Place, Suite 2
Washington, D.C. 20010
Phone: 206.595.0097
kathryn@yournpa.org

Matthew C. Zorn
Yetter Coleman LLP
811 Main Street, Suite 4100
Houston, Texas 77002
Phone: 713.632.8000
mzorn@yettercoleman.com

Shane Pennington
Porter Wright Morris & Arthur LLP
2020 K Street, NW, Suite 600
Washington, D.C. 20006
Phone: 202.778.3005
spennington@porterwright.com

*Counsel for Petitioners*

*/s/ Catherine Padhi*

CATHERINE PADHI
Attorneys
Civil Division, Appellate Staff
U.S. Department of Justice
950 Pennsylvania Ave NW, Room 7712
Washington, D.C. 20530
(202) 514-5091
catherine.m.padhi@usdoj.gov

*Counsel for Respondents*

3

## CERTIFICATE OF COMPLIANCE

Pursuant to Federal Rule of Appellate Procedure 32(g)(1), I hereby certify that this motion complies with Federal Rule of Appellate Procedure 27(d)(1)(E) because it was prepared with Garamond 14-point, a proportionally spaced font with serifs, and the motion complies with Federal Rule of Appellate Procedure 27(d)(2) because it contains 371 words, according to the word count of Microsoft Word.

*/s/ Catherine Padhi*
Catherine Padhi

## CERTIFICATE OF SERVICE

I hereby certify that on May 23, 2024, I electronically filed the foregoing with the Clerk of the Court by using the appellate CM/ECF system. Participants in the case are registered CM/ECF users, and service will be accomplished by the appellate CM/ECF system.

*/s/ Catherine Padhi*
Catherine Padhi

UNITED STATES COURT OF APPEALS

FILED

FOR THE NINTH CIRCUIT

MAY 24 2024

MOLLY C. DWYER, CL
U.S. COURT OF APPEA

| | |
|---|---|
| Doctor SUNIL AGGARWAL, MD, PhD, FAAPMR, FAAHPM, | No. 22-1718 |
| Petitioner, | Drug Enforcement Agency |
| v. | ORDER |
| UNITED STATES DRUG ENFORCEMENT ADMINISTRATION, | |
| Respondent, | |
| -------------------------------------- | |
| END OF LIFE WASHINGTON, et al.; | |
| Amici Curiae. | |

Before: IKUTA, BADE, and BRESS, Circuit Judges.

Pursuant to the agreement of the parties, this case is referred to the Circuit Mediation Office.

The Circuit Mediator shall contact the parties to schedule mediation and provide a status report to the panel within sixty (60) days following this order. The parties shall file a joint status report every ninety (90) days after mediation begins. Within ten (10) days after mediation is completed, the parties shall file a status report. If mediation is unsuccessful, the case will be returned to the panel.

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE NINTH CIRCUIT

SUNIL AGGARWAL, et al.,
    *Petitioners,*

        *v.*

UNITED STATES DRUG ENFORCEMENT
ADMINISTRATION, et al.,
    *Respondents.*

No. 22-1718

## JOINT STATUS REPORT CONCERNING MEDIATION
## FOR NEGOTIATION OF EAJA FEES

Pursuant to this Court's order of May 24, 2024, Petitioners and Respondents respectfully submit this joint status report regarding the ongoing mediation process. The parties continue to engage in constructive dialogue with the assistance of the Circuit Mediator and remain committed to exploring potential options for resolution of Petitioners' request for fees under the Equal Access to Justice Act, 28 U.S.C. § 4212. Petitioners and Respondents will continue to keep this Court apprised of the ongoing mediation process in accordance with this Court's order.

[Signature Page Follows]

Respectfully submitted,

MARK B. STERN

_/s/ Thomas J. Tobin_

James F. Williams
Andrew J. Kline
Thomas J. Tobin
Holly Martinez
Caleb Bacos
Mason Ji
Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
jwilliams@perkinscoie.com
akline@perkinscoie.com
ttobin@perkinscoie.com
hmartinez@perkinscoie.com
cbacos@perkinscoie.com
mji@perkinscoie.com

Kathryn L. Tucker
National Psychedelics Association
453 Manor Place, Suite 2
Washington, D.C. 20010
Phone: 206.595.0097
kathryn@yournpa.org

Matthew C. Zorn
Yetter Coleman LLP
811 Main Street, Suite 4100
Houston, Texas 77002
Phone: 713.632.8000
mzorn@yettercoleman.com

Shane Pennington
Porter Wright Morris & Arthur LLP
2020 K Street, NW, Suite 600
Washington, D.C. 20006
Phone: 202.778.3005
spennington@porterwright.com

_Counsel for Petitioners_

_/s/ Catherine Padhi_

CATHERINE PADHI
Attorneys
Civil Division, Appellate Staff
U.S. Department of Justice
950 Pennsylvania Ave NW, Room 7712
Washington, D.C. 20530
(202) 514-5091
catherine.m.padhi@usdoj.gov

_Counsel for Respondents_

2

## CERTIFICATE OF SERVICE

I hereby certify that on August 22, 2024, I electronically filed the foregoing

with the Clerk of the Court by using the appellate CM/ECF system. Participants in

the case are registered CM/ECF users, and service will be accomplished by the

appellate CM/ECF system.

*/s/ Catherine Padhi*
Catherine Padhi

No. 22-1718

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE NINTH CIRCUIT

DR. SUNIL AGGARWAL, MD, PHD; ADVANCED INTEGRATIVE MEDICAL SCIENCE INSTITUTE, PLLC

*Petitioners,*

*v.*

U.S. DRUG ENFORCEMENT ADMINISTRATION, *et al.*,

*Respondents.*

## PETITIONERS' STATUS UPDATE

Kathryn L. Tucker
National Psychedelics Association
453 Manor Place, Suite 2
Washington, D.C. 20010
Phone: 206.595.0097
kathryn@yournpa.org

Matthew C. Zorn
Yetter Coleman LLP
811 Main Street, Suite 4100
Houston, Texas 77002
Phone: 713.632.8000
mzorn@yettercoleman.com

Shane Pennington
Porter Wright Morris & Arthur LLP
2020 K Street, NW, Suite 600
Washington, D.C. 20006
Phone: 202.778.3005
spennington@porterwright.com

James F. Williams
Andrew J. Kline
Thomas J. Tobin
Holly Martinez
Caleb Bacos
Mason Y. Ji
Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000
jwilliams@perkinscoie.com
akline@perkinscoie.com
ttobin@perkinscoie.com
hmartinez@perkinscoie.com
cbacos@perkinscoie.com

*Attorneys for Petitioners*

## PETITIONERS' STATUS UPDATE

Petitioners Dr. Sunil Aggarwal, MD, PhD, and Advanced Integrate Medical Science Institute, PLLC ("Petitioners") submit this status report regarding the Court's Memorandum Order ("Order"), ECF No. 82.

On October 27, 2023, the Court granted the Petition and ordered a remand to the Drug Enforcement Agency ("DEA"). The Order required DEA to either (i) clarify its pathway for denying Petitioner Dr. Sunil Aggarwal's petition to transfer psilocybin from schedule I to schedule II, *see* 21 U.S.C. § 812(b) under 21 U.S.C. § 811(a) or (ii) reevaluate that petition on an open record.

More than a year after the Order, DEA appears to have made little progress. Petitioners have received no notice on the status of the petition following remand, and during oral argument in *Advanced Integrative Medical Science Institute, et al., v. DEA*, *et al.*, No. 22-1568 in August 2024, in response to the Court's question on what action has been taken in response to the Order, the Government disclosed that no formal action has occurred.

The matter of attorney fees remains pending in this case.

-1-

Date:  November 18, 2024

Kathryn L. Tucker
National Psychedelics Association
453 Manor Place, Suite 2
Washington, D.C. 20010
kathryn@yournpa.org

Matthew C. Zorn
Yetter Coleman LLP
811 Main Street, Suite 4100
Houston, Texas 77002
Phone: 713.632.8000
mzorn@yettercoleman.com

Shane Pennington
Porter Wright Morris & Arthur LLP
2020 K Street, NW, Suite 600
Washington, D.C. 20006
Phone: 202.778.3005
spennington@porterwright.com

*/s/ James F. Williams*
James F. Williams
Andrew J. Kline
Thomas J. Tobin
Holly Martinez
Caleb Bacos
Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000
jwilliams@perkinscoie.com
akline@perkinscoie.com
ttobin@perkinscoie.com
hmartinez@perkinscoie.com
cbacos@perkinscoie.com

*Attorneys for Petitioners*

-2-

## CERTIFICATE OF SERVICE

I hereby certify that on November 18, 2024, I caused to be filed the

foregoing with the Clerk of the Court for the United States Court of Appeals for

the Ninth Circuit by using the appellate CM/ECF system.

**Perkins Coie LLP**

*/s/ James F. Williams*
James F. Williams
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000
jwilliams@perkinscoie.com

*Attorney for Petitioners*

169602149.3

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE NINTH CIRCUIT

SUNIL AGGARWAL, et al.,
    *Petitioners,*

    *v.*

UNITED STATES DRUG ENFORCEMENT
ADMINISTRATION, et al.,
    *Respondents.*

No. 22-1718

## JOINT STATUS REPORT CONCERNING MEDIATION
## FOR NEGOTIATION OF EAJA FEES

Pursuant to this Court's order of May 24, 2024, Petitioners and Respondents respectfully submit this joint status report regarding the ongoing mediation process related to Petitioners' request for fees under the Equal Access to Justice Act, 28 U.S.C. § 4212.  Although the parties have not yet reached a resolution, they have worked to clarify their respective positions with the assistance of the Circuit Mediator and will continue to keep the Court apprised of any developments in accordance with the Court's order.

[Signature Page Follows]

Respectfully submitted,

MARK B. STERN

/s/ Thomas J. Tobin

James F. Williams
Andrew J. Kline
Thomas J. Tobin
Holly Martinez
Caleb Bacos
Mason Ji
Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
jwilliams@perkinscoie.com
akline@perkinscoie.com
ttobin@perkinscoie.com
hmartinez@perkinscoie.com
cbacos@perkinscoie.com
mji@perkinscoie.com

Kathryn L. Tucker
National Psychedelics Association
453 Manor Place, Suite 2
Washington, D.C. 20010
Phone: 206.595.0097
kathryn@yournpa.org

Matthew C. Zorn
Yetter Coleman LLP
811 Main Street, Suite 4100
Houston, Texas 77002
Phone: 713.632.8000
mzorn@yettercoleman.com

Shane Pennington
Porter Wright Morris & Arthur LLP
2020 K Street, NW, Suite 600
Washington, D.C. 20006
Phone: 202.778.3005
spennington@porterwright.com

*Counsel for Petitioners*

/s/ Catherine Padhi

CATHERINE PADHI
Attorneys
Civil Division, Appellate Staff
U.S. Department of Justice
950 Pennsylvania Ave NW, Room 7712
Washington, D.C. 20530
(202) 514-5091
catherine.m.padhi@usdoj.gov

*Counsel for Respondents*

2

**CERTIFICATE OF SERVICE**

I hereby certify that on November 20, 2024, I electronically filed the foregoing

with the Clerk of the Court by using the appellate CM/ECF system. Participants in

the case are registered CM/ECF users, and service will be accomplished by the

appellate CM/ECF system.

*/s/ Catherine Padhi*
Catherine Padhi

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE NINTH CIRCUIT

SUNIL AGGARWAL, et al.,
*Petitioners,*

*v.*

UNITED STATES DRUG ENFORCEMENT
ADMINISTRATION, et al.,
*Respondents.*

No. 22-1718

## JOINT STATUS REPORT CONCERNING MEDIATION
## FOR NEGOTIATION OF EAJA FEES

Pursuant to this Court's order of May 24, 2024, Petitioners and Respondents respectfully submit this joint status report regarding the mediation process related to Petitioners' request for fees under the Equal Access to Justice Act, 28 U.S.C. § 4212. The parties entered into a settlement agreement on January 17, 2025 regarding attorneys' fees, and petitioners are awaiting the government's completion of the payment process. The parties will promptly inform the Court once the payment has been received.

[Signature Page Follows]

Respectfully submitted,

/s/ Thomas J. Tobin

James F. Williams
Andrew J. Kline
Thomas J. Tobin
Holly Martinez
Caleb Bacos
Mason Ji
Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
jwilliams@perkinscoie.com
akline@perkinscoie.com
ttobin@perkinscoie.com
hmartinez@perkinscoie.com
cbacos@perkinscoie.com
mji@perkinscoie.com

Kathryn L. Tucker
National Psychedelics Association
453 Manor Place, Suite 2
Washington, D.C. 20010
Phone: 206.595.0097
kathryn@yournpa.org

Matthew C. Zorn
Yetter Coleman LLP
811 Main Street, Suite 4100
Houston, Texas 77002
Phone: 713.632.8000
mzorn@yettercoleman.com

Shane Pennington
Porter Wright Morris & Arthur LLP
2020 K Street, NW, Suite 600
Washington, D.C. 20006
Phone: 202.778.3005
spennington@porterwright.com

*Counsel for Petitioners*

/s/ Catherine Padhi

CATHERINE PADHI
Attorneys
Civil Division, Appellate Staff
U.S. Department of Justice
950 Pennsylvania Ave NW, Room 7712
Washington, D.C. 20530
(202) 514-5091
catherine.m.padhi@usdoj.gov

*Counsel for Respondents*

2

## CERTIFICATE OF SERVICE

I hereby certify that on February 18, 2025, I electronically filed the foregoing with the Clerk of the Court by using the appellate CM/ECF system. Participants in the case are registered CM/ECF users, and service will be accomplished by the appellate CM/ECF system.

*/s/ Catherine Padhi*
Catherine Padhi

No. 22-1718

## IN THE UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

DR. SUNIL AGGARWAL, MD, PHD; ADVANCED INTEGRATIVE MEDICAL SCIENCE INSTITUTE, PLLC

*Petitioners,*

*v.*

U.S. DRUG ENFORCEMENT ADMINISTRATION, *et al.*,

*Respondents.*

## JOINT NOTICE OF SETTLEMENT REGARDING ATTORNEYS' FEES

Kathryn L. Tucker
National Psychedelics Association
453 Manor Place, Suite 2
Washington, D.C. 20010
Phone: 206.595.0097
kathryn@yournpa.org

Matthew C. Zorn
Yetter Coleman LLP
811 Main Street, Suite 4100
Houston, Texas 77002
Phone: 713.632.8000
mzorn@yettercoleman.com

Shane Pennington
Porter Wright Morris & Arthur LLP
2020 K Street, NW, Suite 600
Washington, D.C. 20006
Phone: 202.778.3005
spennington@porterwright.com

James F. Williams
Andrew J. Kline
Thomas J. Tobin
Holly Martinez
Caleb Bacos
Mason Y. Ji
Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000
jwilliams@perkinscoie.com
akline@perkinscoie.com
ttobin@perkinscoie.com
hmartinez@perkinscoie.com
cbacos@perkinscoie.com
mji@perkinscoie.com

*Attorneys for Petitioners*

**JOINT NOTICE OF SETTLEMENT REGARDING ATTORNEYS' FEES**

Petitioners Dr. Sunil Aggarwal, MD, PhD, and Advanced Integrate Medical Science Institute, PLLC ("Petitioners") hereby submit this joint notice of settlement regarding attorneys' fees. Counsel for the Government has consented to this filing.

As noted in the parties' Joint Status Report Concerning Mediation for Negotiation of EAJA Fees (the "Status Report"), Petitioners and the Government have reached a settlement regarding attorneys' fees in this matter under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. Dkt. No. 99. In the Status Report, the parties noted they would promptly inform the Court once the payment has been received.

With this Notice, the parties note Petitioners have received the amounts owed pursuant to this settlement, and performance of the settlement agreement is now complete.

[Signature Page Follows]

-1-

Date:  March 4, 2024

Kathryn L. Tucker
National Psychedelics Association
453 Manor Place, Suite 2
Washington, D.C. 20010
kathryn@yournpa.org

Matthew C. Zorn
Yetter Coleman LLP
811 Main Street, Suite 4100
Houston, Texas 77002
Phone: 713.632.8000
mzorn@yettercoleman.com

Shane Pennington
Porter Wright Morris & Arthur LLP
2020 K Street, NW, Suite 600
Washington, D.C. 20006
Phone: 202.778.3005
spennington@porterwright.com

/s/ Thomas J. Tobin
James F. Williams
Andrew J. Kline
Thomas J. Tobin
Holly Martinez
Caleb Bacos
Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000
jwilliams@perkinscoie.com
akline@perkinscoie.com
ttobin@perkinscoie.com
hmartinez@perkinscoie.com
cbacos@perkinscoie.com

*Attorneys for Petitioners*

Thomas Pulham

*/s/ Catherine Padhi*
Catherine Padhi
Attorneys
Civil Division, Appellate Staff
U.S. Department of Justice
950 Pennsylvania Ave NW, Room 7712
Washington, D.C. 20530
(202) 514-5091
catherine.m.padhi@usdoj.gov

*Counsel for Respondents*

## CERTIFICATE OF SERVICE

I hereby certify that on March 4, 2025, I caused to be filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system.

**Perkins Coie LLP**

_/s/ Thomas J. Tobin_
Thomas J. Tobin
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000
ttobin@perkinscoie.com

_Attorney for Petitioners_

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



FILED

MAR 6 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| Doctor SUNIL AGGARWAL, MD, PhD, FAAPMR, FAAHPM, | No. 22-1718 |
| Petitioner, | Agency No. Drug Enforcement Agency |
| v. | ORDER |
| UNITED STATES DRUG ENFORCEMENT ADMINISTRATION, | |
| Respondent, | |
| -------------------------------------- | |
| END OF LIFE WASHINGTON, et al.; | |
| Amici Curiae. | |

Before: IKUTA, BADE, and BRESS, Circuit Judges.

The court is informed that the parties have settled petitioners' claim for

attorneys' fees, and payment has been received (see Docket Entry No.

100). Accordingly, the court will take no further action on Petitioners' Motion for

Attorneys' Fees (Docket Entry No. 90).