No. 22-1718

# IN THE UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

ADVANCED INTEGRATIVE MEDICAL SCIENCE INSTITUTE, *et al.*,

*Petitioners,*

*v.*

U.S. DRUG ENFORCEMENT ADMINISTRATION, *et al.*,

*Respondents.*

## PETITIONERS' MOTION FOR ATTORNEYS' FEES PURSUANT TO 28 U.S.C. § 2412

Kathryn L. Tucker
National Psychedelics Association
453 Manor Place, Suite 2
Washington, D.C. 20010
Phone: 206.595.0097
kathryn@yournpa.org

Matthew C. Zorn
Yetter Coleman LLP
811 Main Street, Suite 4100
Houston, Texas 77002
Phone: 713.632.8000
mzorn@yettercoleman.com

Shane Pennington
Porter Wright Morris & Arthur LLP
2020 K Street, NW, Suite 600
Washington, D.C. 20006
Phone: 202.778.3005
spennington@porterwright.com

James F. Williams
Andrew J. Kline
Thomas J. Tobin
Holly Martinez
Caleb Bacos
Mason Y. Ji
Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000
jwilliams@perkinscoie.com
akline@perkinscoie.com
ttobin@perkinscoie.com
hmartinez@perkinscoie.com
cbacos@perkinscoie.com
mji@perkinscoie.com

*Attorneys for Petitioners*

166173040.4

# PETITIONERS' MOTION FOR ATTORNEYS' FEES PURSUANT TO THE EQUAL ACCESS TO JUSTICE ACT

Petitioners Advanced Integrative Medical Science Institute and Sunil Aggarwal, MD, PhD, ("Petitioners") hereby move the Court for attorneys' fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. Petitioners are the prevailing party in a suit against the U.S. government and are eligible for attorneys' fees.

Petitioners hereby make a skeletal filing for later supplementation while they undertake settlement communications with the government. Petitioners hereby make a preliminary request for fees and has included below a brief statement of the actual time expended and the rate at which fees are being computed. Pursuant to an agreement with the government, Petitioners will supplement or amend this motion within 30 days of either Petitioners or Respondent notifying the Court that the parties are unable to settle the fees issue, or Petitioners will withdraw this motion if settlement is reached. *See* Declaration of Thomas J. Tobin, ("Tobin Decl.") ¶ 4.

**I.    THE LITIGATION**

Petitioners filed the instant action in December 2022, seeking review of a DEA final decision denying their petition to initiate rulemaking proceedings to transfer psilocybin from schedule I to schedule II.[1] *See* 21 U.S.C. § 811, *et seq*.

---

[1] In fact, the government invited Petitioners to submit a petition for rescheduling in a related case, but never gave that petition serious consideration. *See* Answering

-1-

On October 27, 2023, the Court rendered a Memorandum order in the instant matter, granting Petitioners' petition and remanding to the DEA to either clarify its pathway for denying Petitioners' petition to initiate rulemaking proceedings or reevaluate Petitioners' petition on an open record. Memorandum Order, ECF No. 82.

Petitioners are the prevailing party in this matter. When a petitioner has obtained a remand for further consideration, he is a prevailing party. *Rueda-Menicucci v. INS*, 132 F.3d 493, 495 (9th Cir. 1997).

This fee petition is also timely filed, as it is filed within 30 days after the date a writ of certiorari would be untimely. *Lizardi v. Wilkinson*, 986 F.3d 1294 (9th Cir. 2021), *as amended* (Feb. 10, 2021). ("Under the EAJA, the deadline to file for attorney's fees is 30 days after a final judgment—that is, 30 days after the date when a petition for a writ of certiorari would be untimely."); *Li v. Keisler*, 505 F.3d 913, 916-17 (9th Cir. 2007) ("The thirty-day deadline to file an application for attorney's fees under EAJA does not begin to run until after the . . . period during which a party may seek a writ of certiorari from the United States Supreme Court."). Under Supreme Court 13.1, a petition for a writ of certiorari must generally occur within

---

Brief (Dkt. No. 45) at 35, *AIMS Institute v. US DEA*, No. 21-70544 (June 25, 2021) ("If the petitioners believe that psilocybin should be moved to another schedule so that doctors may prescribe it as a therapeutic treatment, they are free to . . . petition the agency for a rescheduling") (cleaned up).

90 days after the underlying order. Under Supreme Court Rule 13.3, the time to file the petition for a writ of certiorari runs from the date of the denial of rehearing of that order. In this matter, the denial of rehearing was issued on December 12, 2023. Accordingly, the time period for filing a petition for a writ of certiorari would be 90 days from this denial of rehearing, or March 11, 2024, and the EAJA fee request deadline 30 days thereafter.

**II.     LEGAL STANDARD**

EAJA allows for a prevailing party to recoup reasonable attorneys' fees from the United States as a partial waiver of sovereign immunity. *Ardestani v. Immigration & Naturalization Serv.*, 502 U.S. 129, 137 (1991). It was enacted "to eliminate the barriers that prohibit . . . individuals from securing vindication of their rights in civil actions and administrative proceedings brought by or against the Federal Government." *Scarborough v. Principi*, 541 U.S. 401, 406 (2004) (quoting H.R. Rep. No. 96-1005, at 9 (1980)); *Gavette v. Office of Pers. Mgmt.*, 808 F.2d 1456, 1459-60 (Fed. Cir. 1986).

Under the EAJA, upon filing a timely motion within thirty days of final judgment, the requesting party must satisfy the following criteria: (1) it is a prevailing party; (2) the Government's position must not have been substantially justified; (3) no special circumstances make an award unjust; and (4) the plaintiff must have a net worth as an individual of less than $2,000,000 at the time the action

was filed. 28 U.S.C. § 2412(d)(2)(B)(i); *Comm'r, Immigration & Naturalization Serv. v. Jean*, 496 U.S. 154, 158 (1990).

### III. ARGUMENT

#### A. Petitioners are the Prevailing Party Under the EAJA.

Petitioners prevailed in the instant matter. The courts have held that when a petitioner has obtained a remand for further consideration, he or she is a prevailing party. *Rueda-Menicucci*, 132 F.3d at 495. In its Order on Petitioners' petition, the Court granted the petition and remanded back to the DEA for further consideration. Memorandum Order, ECF No. 82. Accordingly, there can be no legitimate dispute that Petitioners are the prevailing party.

#### B. Petitioner Meets the EAJA's Financial Requirement.

Petitioner Sunil Aggarwal, MD, PhD, has a net worth less than $2,000,000. Declaration of Sunil Aggarwal, MD, PhD, ¶ 4. Petitioner the Advanced Integrative Medical Science ("AIMS") Institute is an organization with a net worth of less than $7 million and fewer than 700 employees. *Id.* Therefore, that prong of the EAJA requirement is satisfied. *See* 28 U.S.C. § 2412(d)(2)(B)(i).

#### C. The Government's Position Was Not Substantially Justified.

Because Petitioners are the prevailing party, for purpose of the EAJA, the burden shifts to defendant to show that its position in the litigation was substantially justified. "The government bears the burden of demonstrating substantial justification." *Thangaraja v. Gonzales*, 428 F.3d 870, 874 (9th Cir. 2005).

The Ninth Circuit has "interpreted the term substantial justification as describing a position that has a reasonable basis both in law and fact." *Renee v. Duncan*, 686 F.3d 1002, 1017 (9th Cir. 2012) (internal quotation marks, alterations, and citation omitted); *see also Meza-Vazquez v. Garland*, 993 F.3d 726, 729 (9th Cir. 2021). "The test is not whether the government was correct, but whether it was for the most part justified in taking the position that it did." *Meza-Vazquez*, 993 F.3d at 729 (internal quotation marks and citation omitted). It is a "decidedly unusual case in which there is substantial justification under the EAJA even though the agency's decision was reversed as lacking in reasonable, substantial and probative evidence in the record." *Al-Harbi v. INS*, 284 F.3d 1080, 1085 (internal quotation marks and citation omitted).

The government must establish both that (1) the agency action giving rise to the litigation was substantially justified; and (2) that its litigation positions were also substantially justified. 28 U.S.C. § 2412(d)(2)(D) ("position of the United States" means, "in addition to the position taken by the United States in the civil action, the action or failure to act by the agency upon which the civil action is based"). While Petitioners preserve the ability to respond to any substantial justification argument asserted by the government, they briefly address this issue here.

Here, neither the agency's action nor the Government's position were substantially justified. As the Court held in its Memorandum Order, the DEA "failed

-5-

to provide analysis sufficient to allow its 'path' to 'reasonably be discerned." It additionally held that the DEA did not expressly state that a substance could not meet that standard unless it met the DEA's five-part test for "currently accepted medical use." Nor did the "DEA's letter explain its reasoning for any conclusion for why Petitioners' submission did not show that psilocybin met the five-part test." Order, at 3. The DEA's "*[p]ost hoc* explanations of agency action by appellate counsel cannot substitute for the agency's own articulation of the basis for its decision." *Id*. (citing *Arrington v. Daniels*, 516 F.3d 1106, 1113 (9th Cir. 2008)). Indeed, DEA urged a position untethered from its agency action: its final decision denying Petitioners' petition to initiate rulemaking proceedings to transfer psilocybin from schedule I to schedule II failed to follow the agency's own five-part test.

The lack of substantial justification for the Government's positions before the Court becomes more apparent in light of a recent disclosure relating to rescheduling marijuana. In January 2024, HHS released its August 2023 recommendation to reschedule marijuana sent to DEA, which concluded that marijuana has a "currently accepted medical use in treatment in the United States." In so concluding, HHS did not apply the five-part test. Instead, it applied a two-part test—a test that hews closer to the statutory text. Importantly, DEA had this recommendation months before its oral argument to the Court.

-6-

Although the marijuana rescheduling matter remains pending before DEA, this previously undisclosed document reinforces a core argument Petitioners urged in their briefing, namely, that the five-part test is unlawful and HHS would not apply that test to the statutory phrase "currently accepted medical use with severe restrictions."

**D.     There Are No Special Circumstances That Would Make a Fee Award Unjust.**

There are no any special circumstances that would make an award of fees unjust in this matter. The government has not identified any such circumstances.

**E.     The Requested Fees are Reasonable Under the EAJA.**

Because the parties are engaged in settlement negotiations, Petitioners have not spent the resources needed to provide a detailed analysis and evidence of the fees incurred in this case.  Petitioners make a preliminary request for fees and has included below a brief statement of the actual time expended and the rate at which fees are being computed. Petitioners reserves the right to amend or supplement these amounts if the parties are unable to reach a settlement. Tobin Decl. ¶ 4.

**1.     EAJA Statutory Rates.**

Petitioners request an award of attorneys fees for counsel from (i) Perkins Coie LLP and  (ii) Emerge Law Group and later the National Psychedelics Association. This statutory award request is based on the EAJA statutory rate after factoring in increases in the cost of living.  The EAJA hourly rates set by the Ninth

-7-

Circuit during the pendency of this litigation are $234.95 for 2022, and $244.62 for 2023.[2]

Through February 2024, counsel from Perkins Coie LLP spent approximately 280.2 hours (34.2 in 2022 and 246 in 2023) litigating this matter from the drafting and filing of the instant matter through final judgment, including the instant fees briefing. In addition, Perkins Coie paralegals worked a total of 34.75 hours.

Through February 2024, counsel from Emerge Law Group and later the National Psychedelics Association spent 158.5 hours (42.5 in 2022 and 116 in 2023) litigating this matter from the drafting and filing of the instant matter through final judgment, including the instant fees briefing.

> 2. **Market Rates Under the DC USAO Matrix for Attorneys Zorn and Pennington.**

The record and complexity of this action here justifies an award of market rate fees, as calculated by the U.S. Attorney's Office for the District of Columbia ("DC USAO").[3] 28 U.S.C. § 2412(d)(2). The EAJA statute itself states that the fee award "shall be based upon prevailing market rates for the kind and quality of the services

---

[2] As of this filing, the Ninth Circuit has not yet set out a 2024 EAJA rate on its website and advises litigants that "If no rate is posted for the period in which your work was performed, please use the rate that is posted for the previous period." *See* Ninth Circuit, *Statutory Maximum Rates Under the Equal Access to Justice Act*, https://www.ca9.uscourts.gov/attorneys/statutory-maximum-rates/.

[3] The DC USAO Matrix is available here: https://www.justice.gov/usao-dc/page/file/1504361/dl.

furnished." *Id*. This matter is highly complex and required specialized expertise available only at rates above the EAJA rates. *See Nadarajah v. Holder,* 569 F.3d 906, 912 (9th Cir. 2009) (awarding enhanced fees given the limited availability of qualified attorneys for the proceedings involved and determination that the attorneys possessed "distinctive knowledge" and "specialized skill" that was "needful to the litigation in question" and "not available elsewhere at the statutory rate.").

Here, Petitioners' counsel from Yetter Coleman LLP (Matt Zorn) and Porter Wright Morris & Arthur LLP (Shane Pennington) possess deep technical expertise in administrative law pertaining to controlled substances was "needful for the litigation in question." *Pierce*, 487 U.S. at 572. In particular, Attorneys Zorn and Pennington are recognized experts in matters relating to the Controlled Substances Act, regularly publish and speak on matters related to the Controlled Substances Act and federal drug policy, and, individually or together, have litigated numerous matters against DEA relating to the Controlled Substances Act. *See* https://www.yettercoleman.com/our-people/matthew-c-zorn/; https://www.porterwright.com/shane-a-pennington/. A special factor enhancement under 28 U.S.C. § 2412(d)(2)(A) and award of market rate fees is therefore warranted for these attorneys with this unique expertise. No other counsel with this expertise would be available at EAJA rates given the unique expertise required and complexity of issues involved.

Through February 2024, counsel from Yetter Coleman LLP spent approximately 168.6 hours (all in 2023) litigating this matter from the drafting and filing of the instant matter through final judgment, including the instant fees briefing. Mr. Zorn billed 150.9 hours and Yetter Coleman LLP attorneys other than Mr. Zorn billed 17.7 hours. In addition, Yetter Coleman LLP paralegals worked a total of 14.9 hours.

Through February 2024, counsel from Porter Wright Morris & Arthur LLP have records demonstrating that counsel spent approximately 25.7 hours (all in 2023) litigating this matter from the drafting and filing of the instant matter through final judgment, including the instant fees briefing. In addition, Porter Wright Morris & Arthur LLP paralegals worked a total of 0.1 hours.

Petitioners therefore request fees calculated at market rates using the DC USAO's Matrix through February 2024. All time requested from Mr. Zorn and Mr. Pennington was recorded in 2023. Mr. Zorn is a 2012 law graduate (11th year in 2023) and Mr. Pennington is a 2010 law graduate (13th year in 2023). Pursuant to the DC USAO Matrix, the rates for an attorney with 11 years of experience in 2023 was $638 and for an attorney with 13 years of experience was $664.

3. **Attorney Fee Request**

In sum, Petitioners request fees for approximately 633.00 attorney hours and 49.75 paralegal hours regarding this matter.

-10-

Using DC USAO rates for Mr. Zorn and Mr. Pennington, due to their unique experience, Petitioners total request would be the enhanced fees of $113,339 for Mr. Zorn and Mr. Pennington. Using EAJA rates for other counsel, the fee request is $110,902.88 for other counsel. Each total is subject to potential supplementation or amendment. The total fee request for all counsel and paralegal services is in the amount of $235,186.88 (inclusive of $224,241.88 for attorney time and $10,945.00 for paralegal services).[4]

This time is facially reasonable given the complexity of the subject matter and motions practice. *See* Tobin Decl. ¶ 5. Moreover, the degree of success obtained through the Memorandum Order, indicates that Petitioners achieved a level of success that makes the hours reasonably expended a satisfactory basis for making a fee award of the size Petitioners requests. *See Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983); *Lozano v. Astrue*, No. 06-15935, 2008 WL 5875573, at *1 (9th Cir. Sept. 4, 2008) (quoting *Hensley*, 461 U.S. at 433-434) ("[T]he most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate."); *Ibrahim v. U.S.*

---

[4] Paralegal services are billed at prevailing market rates. *See Richlin Sec. Serv. Co. v. Chertoff*, 553 U.S. 571, 590 (2008) (ruling that statutory construction "compel[s] the conclusion that paralegal fees are recoverable as attorney's fees at the 'prevailing market rates'"). Here, paralegal time was calculated at a rate of $220 per hour, which is the 2023 rate for paralegals pursuant to the DC USAO Matrix discussed above. All paralegal time requested was recorded in 2023.

-11-

*Dep't of Homeland Sec.,* 912 F.3d 1147, 1172 (9th Cir. 2019) (applying *Hensley*). If settlement is not achieved, Petitioners will submit detailed contemporaneous time records demonstrating that the time expended on their case was reasonable.

## IV. CONCLUSION

Petitioners are the prevailing party and are entitled to compensation under the EAJA for the time and expenses incurred in litigating the instant matter. For the reasons set forth in this motion and in any supplement to it, the award should be in the amount requested for work done on the case to date, plus compensation for any time spent preparing a supplement to this motion or a reply brief if this motion is ultimately litigated and opposed by Respondent.

Date: April 10, 2024

| | |
|---|---|
| Kathryn L. Tucker<br>National Psychedelics Association<br>453 Manor Place, Suite 2<br>Washington, D.C. 20010<br>kathryn@yournpa.org<br><br>Matthew C. Zorn<br>Yetter Coleman LLP<br>811 Main Street, Suite 4100<br>Houston, Texas 77002<br>Phone: 713.632.8000<br>mzorn@yettercoleman.com<br><br>Shane Pennington<br>Porter Wright Morris & Arthur LLP<br>2020 K Street, NW, Suite 600<br>Washington, D.C. 20006<br>Phone: 202.778.3005<br>spennington@porterwright.com | */s/ James F. Williams*<br>James F. Williams<br>Andrew J. Kline<br>Thomas J. Tobin<br>Holly Martinez<br>Caleb Bacos<br>Mason Y. Ji<br>Perkins Coie LLP<br>1201 Third Avenue, Suite 4900<br>Seattle, WA 98101-3099<br>Phone: 206.359.8000<br>Fax: 206.359.9000<br>jwilliams@perkinscoie.com<br>akline@perkinscoie.com<br>ttobin@perkinscoie.com<br>hmartinez@perkinscoie.com<br>cbacos@perkinscoie.com<br>mji@perkinscoie.com<br><br>*Attorneys for Petitioners* |

-13-

## CERTIFICATE OF SERVICE

I hereby certify that on April 10, 2024, I caused to be filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system.

**Perkins Coie LLP**

*/s/ James F. Williams*
James F. Williams
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000
jwilliams@perkinscoie.com

*Attorney for Petitioners*